William C. Dresser  #104375
Richard Swenson    #221586
4 North Second Street, Suite 1230
San Jose, CA 95113-1307
Tel:    408\279-7529
Fax:   408\298-3306

Attorneys for Plaintiff
Landmark Home Mortgage, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Landmark Home Mortgage, Inc., | Action No. 07-CV-04654-HRL |
| Plaintiff, | Notice of Motion and Motion for Remand and Request for Sanctions; Memorandum of Points and Authorities in Support Thereof |
| vs. | |
| Guillermo Flores, Alvin Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services and Atlas Realty, Bertha Moreno, Jose Arrellano, Robert W. Peterson, individually and dba Peterson Appraisal Group, and Does 1 through 50, | [accompanied by Declaration of William C. Dresser]<br><br>Date:   November 13, 2007<br>Time:   10:00 a.m.<br>Crtrm:  2, Fifth Floor |
| Defendants. | |

To Defendants, including Bertha Moreno and Joe Arellano, and to their Attorneys of Record:

NOTICE IS HEREBY GIVEN that on November 13, 2007, at 10:00 a.m, or as soon thereafter as counsel may be heard in the above-captioned Court, located in Courtroom 2, on the Fifth Floor, at 280 South First Street, San Jose California, Plaintiff Landmark Home Mortgage, Inc. will, and hereby does, move this Court for an Order remanding the within action to state court.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and Declaration of William C. Dresser filed herewith, all pleadings, papers and

files in this action, such oral and documentary evidence as may be presented at the hearing, and any other factors that this Court may wish to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF CASE**

This action was brought by Plaintiff Landmark Home Mortgage, Inc. by filing on July 26, 2007 in Santa Clara Superior Court action 1-07-CV-090658 a Complaint for Damages, Injunctive Relief, and Declaratory Relief. This Complaint stated six causes of action, titled: Declaratory Relief by Landmark against Atlas; Breach of Contract by Landmark against Atlas; By Landmark for Deceit and Misrepresentation against Guillermo Flores; Damages for Negligence against Atlas, Silbernagel, Arellano and Moreno; Damages for Deceit and Misrepresentation against Arellano, Moreno and Peterson; and Damages for Negligence against Peterson. The named defendants were Guillermo Flores, Atlas Financial Services, Bertha Moreno, Jose Arrellano, Robert W. Peterson, individually and dba Peterson Appraisal Group, and Does 1 through 50.

The Complaint was based on the false representations by borrower Guillermo Flores through agent Bertha Moreno and her husband Jose Arrellano with the assistance of appraiser Robert Peterson to obtain a loan financed by Landmark Home Mortgage, Inc., followed by the bad faith damage to the premises at 3784 Steve Lillie Circle, Stockton, California 95206.

Plaintiff then filed on August 3, 2007 a First Amended Complaint which stated the same numbered and named causes of action, but which corrected an error in the naming of the parties to replace defendant "Atlas Financial Services" with "Alvin Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services and Atlas Realty."

Plaintiff then commenced service on all defendants of the First Amended Complaint in this "Landmark v Flores" action. Defendants Moreno and Arellano were served in person on August 3, 2007.

Defendants Bertha Moreno and Jose Arellano through their counsel Roger Wintle

1  wrote to Plaintiff's counsel William Dresser by mailed letter dated August 21, 2007
2  seeking a dismissal of the state court lawsuit against Moreno and Arellano on the threat
3  of a removal and consolidation motion.  The assertion was made by counsel for Moreno
4  and Arellano that the Landmark Home Mortgage, Inc. v Flores action was based on the
5  same claims as stated in United States District Court for the Northern District of
6  California, San Jose Division, action 07-CV-00369-JF.

7  Mr. Dresser responded by letter sent by fax to Defendants' counsel on August 30,
8  2007 stating that the Landmark v Flores action was based on Landmark Home Mortgage,
9  Inc. being the lender and that the action of "PHH Mortgage Corporation fka Cendant
10 Mortgage Corporation, Plaintiff, vs. Landmark Real Estate Investments, Inc. dba
11 Landmark Home Mortgage and HD Consumers Financial Network, Hoa Nguyen, an
12 individual, Does 1 through 10, inclusive, Defendants" was based on PHH being the
13 lender.  Mr. Dresser advised of the lack of merit to removal.

14 Defendants Moreno and Arrellano responded by preparing a notice of removal.  A
15 copy of a "Notice to Plaintiff and Counsel and State Court of Filing of Removal of Civil
16 Action to Federal Court" which was not file-endorsed was served by mail on or about
17 August 31, 2007on William Dresser, counsel for Plaintiff.  This document was filed in
18 Santa Clara Superior Court on September 4, 2007.  The stated basis of the removal was
19 "pursuant to 28 USC § 1441 and 28 USC § 1367."  It, and the caption of all of the
20 pleadings filed by Defendants Arellano and Moreno in connection with the removal, lists
21 as the plaintiff "Landmark Real Estate Investments, Inc." rather than the actual named
22 plaintiff "Landmark Home Mortgage, Inc."

23 A document titled "Defendants Jose Arrellano and Bertha Moreno's Notice of
24 Removal of Civil Action to United States District Court (Supplemental Jurisdiction)" was
25 filed by e-filing in United States District Court for the Northern District of California, San
26 Jose Division, action No. C070369 JF, entitled "PHH Mortgage Corporation fka Cendant
27 Mortgage Corporation, Plaintiff, vs. Landmark Real Estate Investments, Inc. dba
28

Landmark Home Mortgage and HD Consumers Financial Network, Hoa Nguyen, an individual, Does 1 through 10, inclusive, Defendants." The stated basis of the removal was as follows:

> "a. Plaintiffs have brought suit against Defendants, Jose Alfredo Arellano and Bertha Moreno, in Federal Court, Northern District of California, case number: C070369JF.
> b. The state action filed against Defendants, Jose Alfredo Arellano and Bertha Moreno, is based substantially on the same case or controversy as the pending federal case, case number: C070369JF, in which Landmark Real Estate Investments, Inc. dba Landmark Home Mortgage ("Landmark") alleges damages, injunctive relief and declaratory relief against Jose Alfredo Arellano and Bertha Moreno in connection with certain brokerage services rendered to Landmark by Jose Alfredo Arellano and Bertha Moreno.
> c. Pursuant to United States Code, Title 28, section 1367,
>> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.
>
> d. The federal actions and the state court actions arise out of the same case and controversy since both actions related to claims made by Landmark in its cross complaint filed in the federal action as well as the state court action with regard to the alleged actions of Jose Alfredo Arellano and Berthan Moreno, the same type of real estate loan transactions, and the same damages sought as to certain loan transactions."

The initial August 21, 2007 letter from defendants' counsel properly named the plaintiff in the Flores action, as does page 2, lines 22 and 23 of this August 31, 2007 document filed in federal court. As noted above, the caption does not.

Defendants then prepared on or about September 8, 2007 an "Amended Notice to Plaintiff and Counsel and State Court of Filing of Removal of Civil Action to Federal Court and Notice Regarding Attachment of Exhibits Thereto." This document was manually filed in United States District Court for the Northern District of California San Jose Division action no. C07-04654 HRL by counsel for Defendants on September 10, 2007. It

attached the entire underlying First Amended Complaint which identifies as the Plaintiff Landmark Home Mortgage, Inc.

Defendants Arellano and Moreno e-filed on September 26, 2007 in the PHH action, C 07 00369 JF, an "Administrative Motion to Consider Whether Cases Should be Related."

This motion to remand follows. It is accompanied by a dismissal of the First and Second Causes of Action of the First Amended Complaint in the within Landmark v Flores action, C 07 04654, which were inaccurately pled in the Landmark v Flores case and which have only been pled against parties other than Moreno and Arellano, which parties have not yet appeared in the Landmark v Flores action. It is also accompanied by the filing in the PHH v Landmark action, C 07 00369 JF, of an opposition to the Defendants' motion to relate the two separate actions.

### III. THE WITHIN ACTION SHOULD BE REMANDED TO STATE COURT

#### A. GENERAL PRINCIPLES

The federal courts strictly construe the removal statute against removal jurisdiction. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

A defect in jurisdiction cannot be avoided by waiver or stipulation to submit to federal jurisdiction. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1264 (9th Cir. 1992). It is relevant that a defendant who removes an action from state court to federal district court bears the burden on appeal of establishing that removal was proper. See Duncan v. A1 Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citing Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)).

The removing defendants must prove that the removal was proper. The defendants cannot do so. This case should be remanded to state court.

### B. THE SOLE POTENTIAL BASIS FOR REMOVAL IS SUPPLEMENTAL JURISDICTION

The PHH v Landmark action, was subject to original jurisdiction because of the diversity of the parties. 28 U.S.C. § 1332(a)(1); See Complaint in PHH v Landmark, C 07 00369 JF, para 6.

There is no original jurisdiction for the parties in the Landmark v Flores action, C 07 04654. There is neither diversity, see Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 388-89 (1998), nor federal question, see Mulcahey v. Columbia Organic Chemicals Co, Inc., 29 F.3d 148, 153 (4th Cir. 1994) ("Christianson teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."), nor other statutory basis for original jurisdiction. The sole potential basis for federal court jurisdiction is supplemental jurisdiction pursuant to the provisions of Section 1367 of Title 28 of the United States Code.

### C. THERE IS NO BASIS FOR ASSERTION OF SUPPLEMENTAL JURISDICTION

The alleged basis of the defendants removal is not supported by the facts of the pleadings in the two lawsuits. The first alleged factual basis for supplemental jurisdiction is that the "plaintiffs", presumably meaning individual plaintiff Landmark Home Mortgage, Inc., is the same party that has sued the defendants in the PHH v Landmark case. "a. Plaintiffs have brought suit against Defendants, Jose Alfredo Arellano and Bertha Moreno, in Federal Court, Northern District of California, case number: C070369JF." This assertion is inaccurate.

Landmark Real Estate Investments Inc. is a California corporation that brokered loans. Landmark Real Estate Investments Inc. is the entity which is one of the two named defendants and two named cross-claimants in the PHH v Landmark action. It had

done business as Landmark Home Mortgage, but ceased doing business under that dba after the incorporation of the separate entity Landmark Home Mortgage, Inc.

Landmark Home Mortgage, Inc. has a different business, in that it acts as a lender. Landmark Home Mortgage, Inc. is the entity which is the plaintiff in the Landmark v Flores action. It is not the same entity as Landmark Real Estate Investment, Inc.

The second alleged factual basis to support supplemental jurisdiction is that the two lawsuits of PHH v Landmark and Landmark v Flores are essentially the same controversy. Defendants assert

> "b. The state action filed against Defendants, Jose Alfredo Arellano and Bertha Moreno, is based substantially on the same case or controversy as the pending federal case, case number: C070369JF, in which Landmark Real Estate Investments, Inc. dba Landmark Home Mortgage ("Landmark") alleges damages, injunctive relief and declaratory relief against Jose Alfredo Arellano and Bertha Moreno in connection with certain brokerage services rendered to Landmark by Jose Alfredo Arellano and Bertha Moreno."

This assertion is also inaccurate.

The PHH v Landmark case is based on PHH being a lender, and Landmark Real Estate Investments, Inc. and Hao Nguyen being the broker, for multiple loans. The Landmark v Flores case is based on Landmark Home Mortgage, Inc. being the lender for a single loan.

The representations made by the many parties in those loans which are the subject of the PHH v Landmark case are specific as to the many loans alleged by PHH in the Complaint. They are not the representations in the single and separate Flores loan.

The Landmark v Flores complaint and first amended complaint also allege claims not asserted in the PHH v Landmark case, including misrepresentation by an appraiser Defendant Robert Peterson and intentional damage to real property by borrower Defendant Guillermo Flores.

The complaint and first amended complaint in Landmark v Flores does, prior to September 27, 2007, contain a first cause of action for declaratory relief and a second

cause of action for breach of contract, which causes of action are only pled against parties other than Defendants Moreno and Arellano.  A review of the contract and the parties to the contract upon which those causes of action are based as compared with the date of incorporation of Landmark Home Mortgage, Inc. with the date of the Flores loan indicate that the pleading of those causes of action are in error.  They are being dismissed at this time.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351-52 (1988) (finding the plaintiff's forfeiting of viable state law claims a "potent reason" for allowing district courts to remand remaining state law claims initially removed pursuant to the district courts' supplemental jurisdiction).

       The third alleged factual basis for supplemental jurisdiction is similar to the first and second combined.

> "d.  The federal actions and the state court actions arise out of the same case and controversy since both actions related to claims made by Landmark in its cross complaint filed in the federal action as well as the state court action with regard to the alleged actions of Jose Alfredo Arellano and Berthan Moreno, the same type of real estate loan transactions, and the same damages sought as to certain loan transactions."

These contentions are not accurate.  Landmark Home Mortgage, Inc. is a different entity from Landmark Real Estate Investments, Inc.  There is a dissimilarity of party plaintiffs, party defendants, involved properties, involved representations, pled causes of action, and relief requested.

       The Landmark Home Mortgage, Inc. v Flores claims are not "so related to claims in the [PHH v Landmark Real Estate Investments, Inc.] action ... that they form part of the same case or controversy."   The within action should be remanded to state court because there is no basis for assertion of supplemental jurisdiction.

### IV.  SANCTIONS OF ATTORNEYS FEES SHOULD BE PAID TO PLAINTIFF

       The within action should be remanded.  Payment of attorneys fees to obtain the remand should be ordered paid to Plaintiff.

       Section 1447 of Title 28 provides for an Order compelling the party that removed

the case to pay for the remanding party's fees and costs. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

A district court has jurisdiction to impose sanctions and a fee award even when it otherwise lacks subject matter jurisdiction over a case. See <u>Moore v. Permanente Medical Group, Inc</u>, 981 F.2d 443, 445 (9th Cir. 1990); <u>Westlake North Prop. Owners Assoc. v. City of Thousand Oaks</u>, 915 F.2d 1301, 1303 (9th Cir. 1990).

The standard for awarding attorneys' fees under section 1447(c) is less than that required for an award of attorney's fees under Rule 11. <u>Moore v. Permanente Medical Group, Inc.</u>, <u>supra</u>, 981 F.2d at 446-48 (section 1447(c) does not mirror Rule 11 because it is not punitive and does not require bad faith). The purpose is the reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted.

Circumstances unique to this case warrant sanctions against Defendants. The factual basis of the removal is unsupportable. Plaintiff advised defense counsel of the lack of merit before the removal was filed. Plaintiff has thus had to incur attorneys fees to have the within action remanded to state court. Sanctions are appropriate and supported by the accompanying Declaration of William C. Dresser

WHEREFORE, Plaintiff Landmark Home Mortgage, Inc. requests that the within action be remanded to state court, and the Defendants Jose Arellano and Bertha Moreno be ordered to pay Plaintiff's attorneys fees in connection with this motion in the amount of one thousand four hundred eighty dollars ($1480.00).

Dated: September 27, 2007

         _____/s/_____
         William C. Dresser
         Attorneys for Plaintiff
         Landmark Home Mortgage, Inc.

Land-Flo\Pld\MotReman.927