William C. Dresser  #104375
Richard Swenson   #221586
4 North Second Street, Suite 1230
San Jose, CA 95113-1307
Tel:    408\279-7529
Fax:   408\298-3306

Attorneys for Plaintiff
Landmark Home Mortgage, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Landmark Home Mortgage, Inc., | Action No. 07-CV-04654-HRL |
| Plaintiff, | Declaration of William C. Dresser in Support of Motion for Remand |
| vs. | |
| Guillermo Flores, Alvin Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services and Atlas Realty, Bertha Moreno, Jose Arrellano, Robert W. Peterson, individually and dba Peterson Appraisal Group, and Does 1 through 50, | Date:   November 13, 2007<br>Time:   10:00 a.m.<br>Crtrm:  2, Fifth Floor |
| Defendants. / | |

I, William C. Dresser, declare that:

1. I am an attorney at law, duly authorized to practice in the State of California, and am the attorney of record for Plaintiff Landmark Home Mortgage, Inc. in the within action;

2. The following is state of my own personal knowledge, and if called to testify can and would testify competently thereto;

3. Attached hereto as Exhibits A through D are true and correct copies of:

A. Register of Actions / Docket for Santa Clara Superior Court action no. 1-07-CV-090658, entitled "Landmark Home Mortgage, Inc., Plaintiff, vs. Guillermo Flores, Alvin

1  Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services and Atlas Realty,
2  Bertha Moreno, Jose Arrellano, Robert W. Peterson, individually and dba Peterson
3  Appraisal Group, and Does 1 through 50, Defendants", found on the Santa Clara Superior
4  Court website at http://www.sccaseinfo.org/;
5      B.  The August 21, 2007 dated letter from Roger Wintle, counsel for Defendants
6  Jose Arellano and Bertha Moreno, to me;
7      C.  My August 30, 2007 letter to Roger Dean Wintle; and
8      D.  The first page of the Deed of Trust between Guillermo Flores and Landmark
9  Home Mortgage, Inc.
10     4.  The PHH v Landmark case is based on PHH being a lender, and Landmark
11 Real Estate Investments, Inc. and Hao Nguyen being the broker, for multiple loans.  The
12 Landmark v Flores case is based on Landmark Home Mortgage, Inc. being the lender for
13 a single loan on an unrelated property.
14     The representations made by the many parties in those loans which are the
15 subject of the PHH v Landmark case are specific as to the loans alleged by PHH in the
16 Complaint.  They are not the representations in the single Flores loan.
17     The Landmark v Flores complaint and first amended complaint also allege claims
18 not asserted in the PHH v Landmark case, including misrepresentation and negligence by
19 appraiser Defendant Robert Peterson and intentional damage to real property by
20 borrower Defendant Guillermo Flores.
21     5.  I am on behalf of Landmark Home Mortgage, Inc. filing concurrently with this
22 motion a dismissal of the first and second causes of action only of the First Amended
23 Complaint in the within action.
24     6.  I spent the following time billed to my client at a rate of $200 per hour for
25 services rendered due to the Defendants Arellano and Moreno filing the removal to
26 federal court of the within action.  This does not include time spent on other matters for
27 this case.  It only includes those services and fees for which Landmark Home Mortgage,
28

Inc. seeks reimbursement of for wholly unnecessary litigation costs the defendants Arellano and Moreno inflicted by virtue of filing the removal. Dates for which services are rendered but which do not relate to removal and remand are not identified, nor are services unrelated to removal and remand:

August 29, 2007
prepare letter to Wintle, attorney for Jose Arellano and Bertha Moreno, re: liability
.2 [only .2 for services on this date attributable to removal issue]

September 2, 2007
receive and download e-notices and Notices of Removal filed by defendants Moreno and Jose Alfredo Arellano filed in the PHH v Landmark action on the grounds of supplemental jurisdiction, consider bases of response
.2

September 4
meeting with [client] re: status
.1

September 6
receive and review from cross defendants an amended notice of removal to federal court
.1

September 12
receive e-notices of federal action Notice of Removal, Notice of Case Management Conference, and Notice of Designation of e-filing in new federal action, download same, compare with PHH case filing of removal, prepare new federal caption, calendar new due dates for response
.2

September 21
prepare and e-file demand for jury, prepare proof of service
.2 [only .2 for services rendered on this date attributable to removal and remand issue]

September 26
download, print and review motion by Moreno and Arrellanos to combine Flores and PHH lawsuits, research regarding motion to relate cases
.2
Analyze and prepare memo regarding research to be done concerning remand
.2

September 27
review and analyze pleadings in PHH and Flores lawsuits, locate, review and scan for exhibits Register of Actions / Docket for Santa Clara Superior Court action no. 1-07-CV-090658, August 21, 2007 dated letter from Roger Wintle, August 30, 2007 letter to Roger Dean Wintle; Deed of Trust between Guillermo Flores and Landmark Home Mortgage, Inc., compare notices of removal with factual issues, research, prepare Notice of Motion including MPA for remand, and supporting declaration
6.0

   Plaintiff Landmark Home Mortgage, Inc. is thus being billed for 7.4 hours, at a rate

1 of $200 per hour, or a total of one thousand four hundred eighty dollars ($1480.00) due to
2 the defendants filing for removal when there is no basis for such.  It is requested that this
3 sum be ordered paid by Defendants Jose Arellano and Bertha Moreno to Plaintiff
4 Landmark Home Mortgage, Inc. in connection with this motion.
5    I declare under penalty of perjury that the foregoing is true and correct and that this
6 Declaration was executed by me on September 27, 2007 at San Jose, California.

       _____/s/_____
       William C. Dresser

Land-Flo\Pld\DecReman.927