ROGER D. WINTLE - (State Bar #142484)
THE HERITAGE LAW GROUP
99 Almaden Boulevard, Suite 710
San Jose, California 95113
Telephone: (408) 925-0146
Facsimile: (408) 923-2100
Email: rdw@hlgusa.com

Attorneys for Defendants:
JOSE ALFREDO ARELLANO and
BERTHA MORENO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK HOME MORTGAGE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>GUILLERMO FLORES, ALVIN SILBERNAGEL, ATLAS FINANCIAL SERVICES, INC. dba ATLAS FINANCIAL SERVICES and ATLAS REALTY, BERTHA MORENO, JOSE ARELLANO, ROBERT W. PETERSON, individually and dba PETERSON APPRAISAL GROUP, and DOES 1 THROUGH 50<br>Defendants. | Case No. C0704654 JF/HRL<br><br>This case relates to Case No.<br><br>C0700369 JF<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Date: December 21, 2007<br>Time: 9:00 a.m.<br>Crt: 3, Fifth Floor |

//
//
//
//
//
//

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................. 3

I. INTRODUCTION............................................................................ 4

II. STATEMENT OF THE CASE ....................................................... 5

III. LAW AND ANALYSIS.................................................................. 8

    A. THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR REMAND SINCE IT HAS ORIGINAL JURISDICTION OVER THE RELATED PHH ACTION ............................... 8

    B. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND SINCE IT HAS SUPPLEMENTAL JURISDICTION OVER THE LANDMARK ACTION............. 8

    C. THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION......................................... 13

    D. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND SINCE JUDICIAL ECONOMY, CONVENIENCE, AND FAIRNESS FAVOR DEFENDANTS........................ 15

IV. CONCLUSION.............................................................................. 15

# TABLE OF AUTHORITIES

**FEDERAL CASES**

United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).. 9

City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164-165 (1997).................. 9

Executive Software North America, Inc. v. United States District Court, 24 F.3d 1545, 1556 (9th Cir. 1994) ................ 13

Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) 15

City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172-173 (1997)................ 15

**FEDERAL STATUTES**

28 U.S.C. § 1441............................................. 4,15

28 U.S.C. § 1367............................................. 4,16

28 U.S.C. § 1332 (a) (1)................................... 8

28 U.S.C. § 1367(a)......................................... 8,9

28 U.S.C. §1367 (c).......................................... 13,14

## I. INTRODUCTION

Defendants BERTHA MORENO and JOSE ARELLANO (collectively "Defendants") submit this joint response to Plaintiff Landmark Home Mortgage, Inc's ("Plaintiff") Motion for Remand filed September 27, 2007.

Plaintiff's Motion for Remand should be denied on the grounds that Defendants removal to federal court was appropriate for the following reasons: (1) the Court has original jurisdiction over the related action, PHH Mortgage Corporation fka Cendant Corporation vs. Landmark Real Estate Investments, Inc. dba Landmark Home Mortgage and HD Consumers Financial Network, Hao Nguyen an individual, and its related cross-complaints Case No. C 07 0369 JF ("PHH Action") and (2) the court has supplemental jurisdiction over the Landmark Home Mortgage, Inc.'s vs. Guillermo Flores, et al. action ("Landmark Action") since it is so related to the PHH Action that it forms part of the same case or controversy

Defendants properly removed this case, the Landmark Action, pursuant to 28 U.S.C. § 1441, based on diversity of the related PHH Action, which pursuant to 28 U.S.C. §1367 would give the Court supplemental jurisdiction over all state-law claims that arise out of the same case or controversy.

As explained in further detail below, at the time of filing the removal, the two cases arose out of the same case and controversy. Both the PHH Action and the Landmark Action refer to substantially the same parties and relate to substantially the same transactions and controversies. Therefore, Plaintiff's Motion for Remand should be denied.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND
Page 4

## II. STATEMENT OF THE CASE

Plaintiff's Motion to Remand involves two pending actions in this Court. PHH Mortgage Corporation fka Cendant Corporation vs. Landmark Real Estate Investments, Inc. dba Landmark Home Mortgage and HD Consumers Financial Network, Hao Nguyen, an individual ("PHH Action") case no. C 07 0369 JF and Landmark Home Mortgage, Inc. vs. Guillermo Flores, Bertha Moreno, Jose Arellano, et al. case no. C07-4654 HRL ("Landmark Action"). On October 10, 2007, both actions were related by Judge Jeremy Fogel.

On January 18, 2007, PHH Mortgage Corporation fka Cendant Mortgage Corporation ("PHH"), filed suit against Landmark Real Estate Investments, Inc. dba Landmark Home Mortgage and HD Consumers Financial Network, Hao Nguyen, and individual. This case alleges that Landmark Real Estate Investments, Inc. dba Landmark Home Mortgage ("Landmark"), entered into an agreement whereby Landmark would originate, process, and close loans to be sold by it on the secondary market to PHH. All loans were required to be originated, processed, and closed in accordance with Fannie Mae, Freddie Mac and/or Governmental National Mortgage Association Seller Guides, which at minimum requires valid social security numbers. PHH alleges that Landmark as original lender sold PHH loans on the secondary market that contained incorrect, materially false or nonexistent social security numbers. PHH sued Landmark for breach of contract, breach of covenant of good faith and fair dealing, negligence, express indemnity and declaratory relief. PHH sought damages, an order compelling Landmark to repurchase the loans, along with costs of suit and attorney's fees.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND
Page 5

On March 8, 2007, Landmark cross-complained against Defendants Arellano and Moreno, Defendants' broker, and several borrowers individually. Landmark, as lender, alleged that the broker entities, through their agents and loan originators, including Defendants, submitted loan applications, that contained inaccurate information, including false, incorrect, or nonexistent social security numbers. Landmark alleged that the loans with false, incorrect, or nonexistent social security numbers were sold on the secondary market to PHH, causing them to breach their agreements with PHH. Landmark therefore sued cross-defendants for breach of contract against the broker entities, declaratory relief against all defendants, negligent misrepresentation against borrowers, equitable indemnity against all defendants, comparative fault against all defendants, total indemnity against all defendants and sought to have all Defendants contribute in the repurchase of the loans sold on the secondary market to PHH. Defendants Arellano and Moreno denied all the allegations by Landmark in their answer, filed May 10, 2007.

On August 3, 2007, Landmark, filed a state action against Defendant Arellano, Moreno, Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services and Atlas Realty, Robert W. Peterson individually and dba Peterson Appraisal Group, and a specific borrower Guillermo Flores regarding a specific loan transaction with Defendant Guillermo Flores. Although not specifically named in the PHH Action, Defendant Arellano and Moreno believe that the loan transaction between Defendants, Guillermo Flores and Landmark triggered the related PHH Action. Defendants Moreno and Arellano were unaware that Guillermo Flores submitted loan applications and

documentation containing two different social security numbers. Defendants Moreno and Arellano believe that Landmark funded the Guillermo Flores loan despite not catching the discrepancy during Landmark's underwriting process. Defendants Arellano and Moreno believe this discrepancy was not discovered until Landmark attempted to sell or did in fact sell the loan to PHH. When PHH discovered that the Guillermo Flores loan contained false or inconsistent information, Defendants believe that PHH either refused to purchase the loan or if already sold, that they forced Landmark to repurchase the loan. Defendants Moreno and Arellano are aware that the loan was immediately refinanced by Landmark. Defendants Moreno and Arellano believe that this particular loan transaction triggered an audit or quality control review of all the loans sold by Landmark to PHH on the secondary market, which ultimately led to the PHH Action.

Defendants Moreno and Arellano were unaware of the accuracy or inaccuracy of the information provided by Guillermo Flores in the Landmark Action or the other borrowers in the PHH Action. As a real estate agent handling the purchase transaction with Guillermo Flores, Defendant Moreno was involved solely with the real estate side of this transaction. Defendant Arellano, also a real estate agent was involved solely with the loan side of this transaction and complied with his duties as loan officer by assisting the borrower in completing the loan application and transmitting the loan application and other required documentation to Landmark for underwriting purposes. As underwriter, Landmark had the responsibility of verifying the accuracy of the information provided by borrowers, not Defendants Moreno and/or Arrellano. In both actions, Landmark failed to

adequately verify the information submitted by borrowers in their loan applications during underwriting.

Even though the Landmark Action refers to a particular loan transaction with Guillermo Flores only, the two cases are substantially interconnected as to form part of the same case and controversy. Therefore, Plaintiff's Motion for Remand should be denied.

### III. LAW AND ANALYSIS

Defendants assert that removal to federal court was appropriate for the following reasons: (1) the Court has original jurisdiction over the PHH Action and (2) the court has supplemental jurisdiction over the Landmark Action since it is so related to the PHH Action that it forms part of the same case or controversy

**A. The Court Should Deny Plaintiff's Motion for Remand since it has original jurisdiction over the related PHH Action.**

The Court has jurisdiction over the PHH Action pursuant to 28 U.S.C. §1332 (a)(1) since the controversy asserted is between citizens of different states and involves an amount in controversy in excess of $75,000, exclusive of interests and costs.

**B. The Court Should Deny Plaintiff's Motion to Remand since it has supplemental jurisdiction over the Landmark Action.**

The Court has supplemental jurisdiction over the Landmark Action based on original jurisdiction over the related PHH Action. Under 28 U.S.C. § 1367(a), federal district courts have supplemental jurisdiction over claims that are related to those in the action of which the court has original jurisdiction. 28 U.S.C. § 1367(a) provides for the

exercise of supplemental jurisdiction over state-law claims in federal question cases, except as provided in subsections (b) and (c) or as expressly provided by Federal statute. 28 U.S.C. § 1367(a) provides that:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental Jurisdiction shall include claims that involve joinder or intervention of additional parties.

As the language of 28 U.S.C. § 1367 indicates, the state-law claim must be part of "the same case or controversy" as a claim for which independent federal jurisdiction exists. A state claim is part of the same case or controversy as a federal claim when the claims have a common nucleus of operative fact. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966); *see also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997); A common nucleus exists when "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Int'l College of Surgeons*, 522 U.S. at 165 (quoting *Gibbs*, 383 U.S. at 725).

Both the PHH Action and the Landmark Action form a common nucleus of operative fact so as to comprise one constitutional case since the parties, the transactions, and the controversies are substantially the same.

Both actions name substantially the same parties. The Landmark Action names Alvin Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services, and Atlas

Realty, Bertha Moreno and Jose Arellano as defendants, all of whom are cross-defendants in the PHH ACTION. Furthermore, Landmark is original lender in both the PHH Action and the Landmark Action. PHH as secondary purchaser sued Landmark as original lender in the PHH Action. Landmark then sued all the Defendants, including specific individual borrowers, excluding Guillermo Flores.

However, the Guillermo Flores transaction in the Landmark Action directly relates and involves the PHH Action since Defendants Moreno and Arellano believe that this transaction initially triggered the audit by PHH on all loans sold to it by Landmark. Defendants Arellano and Moreno believe that Landmark originally funded a loan to Guillermo Flores, which it then attempted to sell or did in fact sell to PHH. PHH subsequently discovered the alleged inaccurate or inconsistent information pertaining to the social security number of the borrower. It then either rejected the loan or required that Landmark repurchase the loan. Defendants Arellano and Moreno are aware that the Guillermo Flores loan was refinanced after the discrepancies were discovered. Thus, the parties are substantially the same in both the PHH action and the Landmark Action so as to form a common nucleus of operative fact.

Although relating to specific borrowers, the transactions are substantially the same and the allegations asserted in both actions are substantially the same. In both actions, Landmark is the original lender that performed the underwriting process. Defendant Moreno acted as real estate agent for the borrowers and Defendant Arellano acted as loan officer for the transaction. As agent, Defendant Moreno would ensure that the real estate portion of the transaction was completed in a timely manner. As agent

handling the loan transaction, Defendant Arellano would generate a loan application from information supplied by the borrower. The loan application would then be transmitted to Landmark. Landmark, in turn, was supposed to conduct a thorough underwriting of the information provided by the specific borrower to check that the information was accurate. After Landmark funded a loan, it would sell the loan on the secondary market to PHH. Either before purchasing the loan or after purchasing the loan, PHH would conduct an audit of the information provided in the loan process. This audit process appears to have occurred in the transactions with the individual borrowers in both pending actions. Thus, the transactions are substantially similar so as to form a common nucleus of operative fact.

    Finally, the allegations in both actions are substantially the same so as to form a common nucleus of operative fact. In the PHH Action, PHH sued Hao Nguyen and Landmark for breach of contract, breach of the covenant of good faith and fair dealing, negligence, express indemnity and declaratory relief. Landmark then cross claimed against Defendants Arellano and Moreno, their brokers, other agents, other brokers, and specific borrowers individually for declaratory relief, breach of contract, negligent misrepresentation, equitable indemnity, comparative fault and total equitable indemnity. These actions stem from the agreement between Landmark and PHH whereby PHH would buy loans on the secondary market from Landmark, but only if the loans were in compliance with PHH's Operations Manual which required that loans must be originated, processed and closed in accordance with the most current Fannie Mae, Freddie Mac and/or Government National Mortgage Association Seller Guides, as may be applicable.

1  PHH purchased loans on the assurances and representations of Landmark that all
2  documents submitted to PHH were genuine, true, correct, and proper. PHH purchased
3  the loans and later sold them to investors. However during quality control review, PHH
4  discovered that several loans sold by Landmark did not allegedly contain correct or valid
5  social security numbers. Defendants Moreno and Arellano believe that this quality
6  control review or audit was initially triggered by the Guillermo Flores loan transaction,
7  which began with Guillermo Flores submitting two different social security numbers on
8  his loan application. The loan was funded by Landmark but later refinanced after the
9  discrepancy was discovered.
10 
11     At the time of removal, the Landmark Action alleged the same controversies so
12 as to create a common nucleus of operative fact. Landmark sued Defendants Alvin
13 Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services, and Atlas
14 Realty, Bertha Moreno, Jose Arellano, and Guillermo Flores. Originally, Landmark sued
15 for declaratory relief, breach of contract, deceit, misrepresentation, negligence, and bad
16 faith waste. The allegations of the Landmark Action are substantially similar to the PHH
17 Action. Landmark alleged that Defendants Moreno and Arellano, as loan officer an
18 agent, acting under Defendant Alvin Silbernagel from the offices of Defendant Atlas
19 Financial Services dba Atlas Realty submitted false information in connection with a loan
20 application for Guillermo Flores. At the time of removal, Landmark additionally sued
21 Defendants Alvin Silbernagel for breach of contract and declaratory relief using the
22 same allegations and exhibits that were alleged in the cross-complaint in the PHH
23 Action. However, on September 27, 2007 Landmark dismissed without prejudice these

two causes of action, while leaving the remaining causes of action for deceit, misrepresentation, negligence, and bad faith waste. Thus, the allegations and controversies are substantially similar so as to create a common nucleus of operative fact.

The relationship between the PHH Action and the Landmark Action permit the conclusion that the entire action before the court comprises but one constitutional case. The parties, the transactions, the allegations and controversies are substantially similar so as to create a common nucleus of operative fact. Therefore, Plaintiff's Motion to Remand should be denied.

### C. The Court Should Not Decline to Exercise Supplemental Jurisdiction.

When the district court has supplemental jurisdiction over a claim, the court must exercise such jurisdiction unless one of the four categorical exceptions in section 1367(c) exists. *Executive Software North America, Inc. v. United States District Court*, 24 F.3d 1545, 1556 (9th Cir. 1994) ("unless a court properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted"). According to 28 U.S.C. § 1367(c) district courts may decline to exercise supplemental jurisdiction under subsection (a) if the claim raises a novel or complex issue of state law, the claim substantially predominates over the claim of which the court has original jurisdiction, the court has dismissed all the claims of which it has original jurisdiction, or in exceptional circumstances when there are other compelling reasons for declining jurisdiction. Defendants Arellano and Moreno insist that

none of the discretionary bases for remanding some or all of plaintiff's claims listed in section 1367(c) are present here.

The Landmark Action does not raise a novel or complex issue of state law. At the heart of the Landmark Action and the cross complaint by Landmark against Defendants in the PHH Action is whether or not Defendants Moreno and Arellano, acting in their capacities as real estate agents acting under Defendant Atlas Financial Services, dba Atlas Realty, knowingly submitted false information in connection with a loan application in violation of the contracts between the parties, which included a provision that the broker must comply with state and federal laws including "the Fair Credit Reporting Act, the Equal Credit Opportunity Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Home Mortgage Disclosure Act, state licensing laws, all regulations promulgated in connection therewith, and a government monitoring regulations and disclosure laws in connection with Broker's solicitation and processing loan application packages." See Exhibit A in the Landmark Action and Exhibit E in the cross-complaint by Landmark in the PHH Action.

Additionally, the claims in the Landmark Action do not predominate over the related PHH action for which the court has original jurisdiction. Rather, the claims coincide so as to create a common nucleus of operative fact. Finally, the court has not dismissed all the claims of which it has original jurisdiction, or in exceptional circumstances, when there are other compelling reasons for declining jurisdiction

### D. The Court Should Deny Plaintiff's Motion to Remand since Judicial Economy, Convenience, and Fairness favor Defendants.

Judicial economy, convenience and fairness all favor Defendants Arellano and Moreno. In deciding whether to exercise jurisdiction over state-law claims, district courts "consider and weigh the factors of judicial economy, convenience, fairness and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997). Furthermore, the court further noted that "Under Gibbs, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Remanding the Landmark Action back to state court would create a financial hardship for Defendants Arellano and Moreno since they would be forced to litigate the two related cases in different forums. Additionally, the federal courts and state courts would also hear the two actions in different forums resulting in increased burden and inconvenience on the courts and, potentially different results, Therefore, Plaintiff's Motion to Remand should be denied since judicial economy and convenience favor Defendants Arellano and Moreno.

### IV. CONCLUSION

Defendants properly removed this case, the Landmark Action, pursuant to 28 U.S.C. § 1441, based on diversity of the related action, the PHH Action, which pursuant

to 28 U.S.C. §1367 would give the Court supplemental jurisdiction over all state-law claims that arise out of the same case or controversy.

Plaintiff's Motion to Remand should be denied on the grounds that Defendants removal to federal court was appropriate since the Court has original jurisdiction over the related PHH Action and the court has supplemental jurisdiction over the Landmark Action since it is so related to the PHH Action that it forms part of the same case or controversy. Both the PHH Action and the Landmark refer to substantially the same parties, relate to substantially the same transactions and controversies. Therefore, Plaintiff's Motion to Remand should be denied.

In the event that the Plaintiff's Motion to Remand is denied, Defendants Arellano and Moreno will move to consolidate the two actions.

Dated: November 29, 2007                             Respectfully Submitted,

                                                     THE HERITAGE LAW GROUP

                                                     _____
                                                     Roger D. Wintle
                                                     Attorneys for Defendants
                                                     JOSE ALFREDO ARELLANO and BERTHA MORENO

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND
Page 16