William C. Dresser  #104375
Richard Swenson    #221586
Law Offices of William C. Dresser
4 North Second Street, Suite 1230
San Jose, CA 95113-1307
Tel:    408\279-7529
Fax:    408\298-3306

Attorneys for Plaintiff
Landmark Home Mortgage, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Landmark Home Mortgage, Inc., | Action No. 07-CV-04654-JF |
| Plaintiff, | Reply Memorandum of Points and Authorities in Support of Motion by Landmark Home Mortgage, Inc. for Remand of Action to State Court |
| vs. | |
| Guillermo Flores, Alvin Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services and Atlas Realty, Bertha Moreno, Jose Arrellano, Robert W. Peterson, individually and dba Peterson Appraisal Group, and Does 1 through 50, | Date:   December 21, 2007<br>Time:   9:00 a.m.<br>Crtrm:  3, Fifth Floor |
| Defendants. | |

## I. SUMMARY OF ARGUMENT

The removal of this action from state court to federal court is defective in not be joined by parties other than removing defendants. The removal is also defective in not timely filing the underlying state court pleadings.

The within action is not based on the version of facts alleged by defendants as possible allegations, but on the actual allegations of the First Amended Complaint. The within action does not involve either the Plaintiff or the Defendant in the other "PHH" action to which the removing defendants seek to assert pendent jurisdiction, nor does it involve the properties involved in the other action, nor is it based on the same claims.

Upholding removal and forcing all the other parties in this and the PHH case to incur costs and fees for discovery, negotiations and trial of an unrelated single transaction is inefficient. Remand is appropriate under these circumstances.

## II. REMAND MUST BE GRANTED BECAUSE OF DEFECTS IN REMOVAL

### A. LACK OF UNANIMITY

The removal of the state court action was made solely by Defendants Bertha Moreno and Jose Arrellano. It was neither joined in nor supported by served but not appearing defendants Guillermo Flores, Alvin Silbernagel and Atlas Financial Services, Inc. nor by served but subsequently appearing defendant Robert W. Peterson, individually and dba Peterson Appraisal Group.

All defendants in a state action normally must join in a notice of removal. The burden is on the removing defendant to explain the absence of the other defendants. Defendants Moreno and Arrellanos cannot meet their burden.

Defendant Peterson initially attempted to file an Answer to the Complaint in the within action in state court. Defendant Peterson initially commenced discovery under state court rules. Defendant Peterson did not consent to the removal.

More than thirty days have passed since the appearance in the federal proceedings by Defendant Peterson. More than eighty days have passed since the service on Defendants Silbernagel and Atlas Financial Services, Inc. for whom Defendants Moreno and Arrellanos had worked as agents. More than eighty days have passed since the service on Defendant Flores who was a client of Defendants Moreno and Arrellanos. There is no justification for failure to obtain joinder. See, Prize Frize, Inc. v. Matrix (U.S.) Inc. (9th Cir. 1999) 167 F.3d 1261, 1266 (absent explanation, removal notice is facially deficient and must be cured within 30 days to avoid remand).

### B. FAILURE TO FILE UNDERLYING SERVED PLEADINGS

The failure to obtain joinder is but one example of the failure of the removing defendants to comply with mandatory procedural requirements for removal. Removing

defendant Bertha Moreno was served on August 6, 2007. Removing parties did not file or serve an Amended Notice of Removal to include the underlying state court pleadings until September 10, 2007. It is mandatory that all pleadings, process and orders served on the removing defendant in the state action must be filed with the removal notice. The failure to timely do so mandates remand. See, <u>Kisor v Collins</u> (N.D. AL 2004) 338 F.Supp.2d 1279, 1280 (failure to include copy of summons is jurisdictional defect that cannot be remedied after expiration of 30-day removal period). Plaintiff's Motion for Remand must be granted because of defects in defendant's removal.

### III. SUPPLEMENTAL JURISDICTION SHOULD BE REJECTED AND REMAND MUST BE GRANTED BECAUSE OF THE ABSENCE OF PENDENT JURISDICTION OF THE ACTUAL CLAIMS IN THIS ACTION

Defendants Bertha Moreno and Jose Arrellano inaccurately state in their 'Statement of Case' who the parties are and what the allegations are in the proceedings which they seek to base pendent jurisdiction on. The related action has federal court jurisdiction because the Plaintiff therein PHH Mortgage Corporation and the Defendants therein Landmark Real Estate Investments, Inc. and Hao Nguyen have diversity of citizenship. The cross-complaint in that action is by Hao Nguyen and Landmark Home Mortgage, Inc. The named defendant and the named cross-complainant are not the same corporate entity. They are not both "Landmark" other than in the statement of case and arguments by Defendants Moreno and Arrellano. Deft MPA, 9:24-25 ("substantially the same parties").

Defendants state that they "believe" the fraudulently obtained Flores loan "triggered" the PHH lawsuit. Deft MPA, 6:22-24. This is both not pled and not logically possible. PHH cannot sue to demand repurchase of a loan which was never sold, acquired or brokered to PHH. PHH is not and never has been a party to the Flores loan. The Flores transaction has nothing to do with the PHH action.

Defendants inaccurately assert in this regard that "Landmark" was the "original

Landmark Home Mortgage, Inc. v. Flores, et al; US Dist Ct, N.D. Cal. 07-CV-04654-HRL
Reply MPA in Support of Plaintiff Landmark Home Mortgage, Inc.'s Motion to Remand    3

1 lender who performed the underwriting process" for the 30 plus loans pled in PHH's
2 complaint and the single loan pled in Landmark's complaint.  Landmark Home Mortgage,
3 Inc. is and was the sole lender in the Flores transaction.  Neither Landmark Home
4 Mortgage, Inc. nor Landmark Real Estate Investments, Inc. was an original lender for any
5 of the PHH transactions.  See Landmark Real Estate Investments, Inc. Answer to PHH
6 Complaint in action C070369-JF, 1:23-24 ("2.  Admit other than "sells loans to mortgage
7 lenders, including PHH.""), 2:26-27 ("11.  Deny that PHH or Cendant "purchased" loans
8 from Defendant Landmark Real Estate Investments, Inc."), 3:5-6 ("12.  Denied that PHH,
9 or that Cendant, "purchased" loans from Defendant Landmark Real Estate Investments,
10 Inc."), 4:15-16 ("Denied that PHH or Cendant "purchased" loans from Defendant
11 Landmark Real Estate Investments, Inc.").

12     Defendants  Jose Arrellano and Bertha Moreno, who are husband and wife, assert
13 that the Flores loan transaction became a problem solely because of a false social
14 security number.  They also assert a lack of knowledge of the inaccuracy of information
15 submitted.  That is not the pleadings in this case.  The First Amended Complaint
16 specifically alleges the loan was procured by a number of false representations by the
17 removing parties regarding finances.  See 1 A Complaint, para 32 ("an inaccurate or
18 forged Verification of Rent signed by, among others, Jose Arellano").

19     Removing parties assert that Plaintiff Landmark Home Mortgage, Inc. in the within
20 action presents the same claims and issues as presented as in the purported
21 supplemental PHH case.  The emphasis in the within action is the single property dispute
22 over the duty of a lender who receives false information from the retailing agent, such as
23 a false VOR signed by the husband of the buyer's agent.  Deft MPA, 12:20-21 (Moreno
24 and Arrellano ..."submitted false information in connection with a loan application for
25 Guillermo Flores"); See, Seeger v. Odell (1941) 18 Cal.2d 409, 414, 115 P.2d 977
26 ("Negligence on the part of the plaintiff in failing to discover the falsity of a statement is no
27 defense when the misrepresentation was intentional rather than negligent").  This is
28

considerably different that an institutional investor seeking recovery under a primarily contract based action for commercially untenable social security information contained in 30 some loan applications. See Deft MPA, 10:19 ("Although relating to specific borrowers...").

The issue in this motion to remand is not whether PHH properly obtained federal jurisdiction due to diversity of parties. The substantive jurisdictional issue in this motion to remand is whether the within single property dispute based on intentionally false financial information which does not involve any of the parties named in the complaint in the PHH action is so related to a multiple loan transaction dispute based primarily on a social security numbers which is the subject of the PHH action as to form the same case or controversy. The actual facts and dispute in this action is not so related to those in the PHH action that they form part of the same case or controversy.

The practical effect of denying remand and finding supplemental jurisdiction between the PHH and the within action issue is to cause an entire fraud proceeding to tie up the settlement or trial of a separate action involving many other parties. All of the parties and their counsel in the PHH action would become involved in the minutiae of the within transaction, and the non-joining parties in the within action would be subjected to the proceedings in the larger PHH action. This is a further indication that the two are not the same case or controversy. This is also a basis for granting remand to avoid the severe impact on judicial economy and on the convenience and costs to all of the other parties in the two actions.

WHEREFORE, Plaintiff Landmark Home Mortgage, Inc. requests that the within action be remanded to state court.

Dated: December 7, 2007

_____/s/_____
William C. Dresser
Attorneys for Plaintiff
Landmark Home Mortgage, Inc.

Land-Flo\Pld\ReplyRem.c07