STEVE W. DOLLAR, ESQ./SBN 104365
LIAM J. O'CONNOR, ESQ./SBN 246638
ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.
152 North Third Street, Suite 700
San Jose, CA 95112
Telephone: (408) 286-0880
Facsimile: (408) 286-0337

Attorneys for Defendant
ROBERT W. PETERSON, individually and
dba PETERSON APPRAISAL GROUP

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| LANDMARK HOME MORTGAGE, INC., | Case No. 1-07-CV-090658 |
| Plaintiffs, | ANSWER TO COMPLAINT |
| vs. | |
| GUILLERMO FLORES, ALVIN SILBERNAGEL, ATLAS FINANCIAL SERVICES, INC. dba ATLAS FINANCIAL SERVICES and ATLAS REALTY, BERTHA MORENO, JOSE ARRELLANO, ROBERT W. PETERSON, individually and dba PETERSON APPRAISAL GROUP, and Does 1 through 50, | |
| Defendants | |

COMES NOW DEFENDANT, ROBERT W. PETERSON, individually and dba PETERSON APPRAISAL GROUP and answers the unverified complaint of plaintiff LANDMARK HOME MORTGAGE, INC., as follows:

I

Defendant denies all of the allegations, generally and specifically, contained in the complaint and each cause of action as they apply to this appearing defendant; and specifically denies that the defendant is liable to the plaintiff under the theories or in the manner set forth in the complaint, denies that the plaintiff was injured or damaged as alleged in the complaint, or as the result of any conduct of defendant.

1
ANSWER TO COMPLAINT OF LANDMARK HOME MORTGAGE, INC.

## AFFIRMATIVE DEFENSES

(1)

### COMPARATIVE FAULT

Defendant alleges that the plaintiff was guilty of contributory fault/negligence in the matters set forth in the complaint which proximately caused or contributed to the damages complained of.

(2)

### FAILURE TO STATE A CAUSE OF ACTION

Defendant alleges that neither the complaint nor any cause of action in the complaint states facts sufficient to substantiate a cause of action against this appearing defendant.

(3)

### FAILURE TO STATE A CAUSE OF ACTION FOR PUNITIVE DAMAGES

Defendant alleges that neither the complaint nor any cause of action in the complaint states facts sufficient to substantiate a cause of action for punitive damages against this defendant.

(4)

### MITIGATION OF DAMAGES

Defendant alleges that, on information and belief, plaintiff's alleged damages, if any there were, were aggravated by the plaintiff's failure to use reasonable diligence to mitigate them.

(5)

### CO-DEFENDANT LIABILITY

Defendant alleges that the co-defendants, and each of them, named and unnamed in the complaint, were guilty of negligence, or other acts or omissions in the matters set forth in the complaint, which proximately caused or contributed to the damages or loss complained of, if any, and that the Court is requested to determine and allocate the percentage of negligence attributable to each of the co-defendants.

(6)

### STATUTE OF LIMITATIONS

Defendant alleges that the action and all causes of action are barred by the statute of limitations, and more specifically set forth in California Code of Civil Procedure §§ 337, 337.1,

337.15, 338, 339, 340, 340.6 and 343 and each and every subdivision of the referenced statutes.

(7)

### WAIVER

Defendant alleges that plaintiff has waived its right to maintain the action filed in this case.

(8)

### ESTOPPEL

Defendant alleges that the plaintiff is estopped by action of law or by conduct from maintaining the action filed in this case.

(9)

### LACHES

Defendant alleges that the action filed in this case is not maintainable under the doctrine of laches.

(10)

### UNCLEAN HANDS

Defendant alleges that the plaintiff in this case is guilty of "unclean hands" in the matters set forth in the complaint, which conduct extinguishes the right to equitable relief in this action.

(11)

### PUNITIVE DAMAGES: UNCONSTITUTIONAL

Defendant alleges that plaintiff's complaint fails to state a cause of action for punitive damages, in that claims for punitive damages in civil cases brought by private parties may be unconstitutional under both State and Federal Constitutions.

(12)

### NO RELIANCE

Defendant alleges that there is no reliance by the plaintiffs on any representations, whether express or implied, alleged to have been made by this defendant.

(13)

### UNREASONABLE RELIANCE

Defendant alleges that any reliance on the part of the plaintiff on any representations, express

1 | or implied, allegedly made by the defendant was unreasonable and unjustified.
2 |     WHEREFORE, this Defendant prays that:
3 |     1. The Plaintiff take nothing by way of this action;
4 |     2. This Defendant be awarded attorney fees and costs of this action; and
5 |     3. Such other relief as this Court may deem proper.
6 | Dated:  October 23, 2007
7 | ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.
8 |
9 | _____
10 | Steve W. Dollar, Esq.
Attorneys for Defendant
ROBERT W. PETERSON, individually and dba
11 | PETERSON APPRAISAL GROUP

ANSWER TO COMPLAINT OF LANDMARK HOME MORTGAGE, INC.

Landmark v. Flores
Santa Clara County Superior Court Case No. 1-07-CV-090658

### PROOF OF SERVICE [C.C.P. §1013a, §2015.5]

I declare that I am employed in the County of Santa Clara, California. I am over the age of eighteen (18) years of age and not a party to the within cause; my business address is 152 North Third Street, Suite 700, San Jose, CA 95112.

On October 24, 2007, I served:

### ANSWER TO COMPLAINT

( )  **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a Party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a Party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

(X) **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below.

William C. Dresser
Richard Swenson
4 North Second Street, Suite 1230
San Jose, CA 95113-1307
(408) 279-7529; fax (408) 298-3306
*Attorney for Plaintiffs*

Roger D. Wintle
Heritage Law Group
99 Almaden Boulevard, Suite 710
San Jose, CA 95113
(408) 993-2100; fax (408) 993-2101
*Attorney for Bertha Moreno, Jose Arrellano*

(1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) (X) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. One the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Jose, California.

( )  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed below. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

( )  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (*A declaration by the messenger must accompany this Proof of Service.*)

( )  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

( )  **By email or electronic transmission.** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **October 24**, 2007

_____
Noreen Ritz