William C. Dresser  #104375
Richard Swenson    #221586
Law Offices of William C. Dresser
4 North Second Street, Suite 1230
San Jose, CA 95113-1307
Tel:    408\279-7529
Fax:   408\298-3306

Attorneys for Plaintiff
Landmark Home Mortgage, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Landmark Home Mortgage, Inc., | Action No. 07-CV-04654-JF |
| Plaintiff, | Joint Case Management Conference Statement |
| vs. | Date:      December 21, 2007 |
| Guillermo Flores, Alvin Silbernagel, Atlas Financial Services, Inc. dba Atlas Financial Services and Atlas Realty, Bertha Moreno, Jose Arrellano, Robert W. Peterson, individually and dba Peterson Appraisal Group, and Does 1 through 50, | Time:      10:30 a.m.<br>Crtrm:     3, Fifth Floor<br>Hon. Judge Jeremy Fogel |
| Defendants.                             / | |

Plaintiff Landmark Home Mortgage, Inc., Defendants Robert W. Peterson, individually and dba Peterson Appraisal Group, and Defendants Jose Arrellano and Bertha Moreno hereby submit the following Joint Case Management Statement and Proposed Case Management Plan in connection with the Case Management Conference of December 21, 2007.

### A.  NATURE OF THE CASE

**1.  Agreed upon facts**

This action was brought by Plaintiff Landmark Home Mortgage, Inc. by filing on July 26, 2007 in Santa Clara Superior Court action 1-07-CV-090658 a Complaint for

1  Damages, Injunctive Relief, and Declaratory Relief.  This Complaint stated six causes of
2  action, titled: Declaratory Relief by Landmark against Atlas; Breach of Contract by
3  Landmark against Atlas; By Landmark for Deceit and Misrepresentation against Guillermo
4  Flores; Damages for Negligence against Atlas, Silbernagel, Arellano and Moreno;
5  Damages for Deceit and Misrepresentation against Arellano, Moreno and Peterson; and
6  Damages for Negligence against Peterson.  The named defendants were Guillermo
7  Flores, Atlas Financial Services, Bertha Moreno, Jose Arrellano, Robert W. Peterson,
8  individually and dba Peterson Appraisal Group, and Does 1 through 50.

9        The Complaint was based on the allegations of false representations by borrower
10 Guillermo Flores through agent Bertha Moreno and her husband Jose Arrellano.  Ms.
11 Moreno and Mr. Arrellano worked for Atlas Financial Services, Inc. under the brokers
12 license of Alvin Silbernagel.  The Complaint alleges these false representations were
13 made with the assistance of appraiser Robert Peterson to obtain a loan financed by
14 Landmark Home Mortgage, Inc.  The Complaint alleges that this was followed by the bad
15 faith damage to the premises at 3784 Steve Lillie Circle, Stockton, California 95206.

16       Plaintiff then filed on August 3, 2007 a First Amended Complaint which stated the
17 same numbered and named causes of action, but which corrected an error in the naming
18 of the parties to replace defendant "Atlas Financial Services" with "Alvin Silbernagel, Atlas
19 Financial Services, Inc. dba Atlas Financial Services and Atlas Realty."

20       Plaintiff then commenced service on all defendants of the First Amended
21 Complaint in this "Landmark v Flores" action.  Defendants Moreno and Arellano were
22 served in person on August 3, 2007.

23       Defendants Moreno and Arellano responded by preparing a notice of removal.  A
24 copy of a "Notice to Plaintiff and Counsel and State Court of Filing of Removal of Civil
25 Action to Federal Court" which was not file-endorsed was served by mail on or about
26 August 31, 2007on William Dresser, counsel for Plaintiff.  This document was filed in
27 Santa Clara Superior Court on September 4, 2007.  The stated basis of the removal was
28

"pursuant to 28 USC § 1441 and 28 USC § 1367." It, and the caption of all of the pleadings filed by Defendants Arellano and Moreno in connection with the removal, lists as the plaintiff "Landmark Real Estate Investments, Inc." rather than the actual named plaintiff "Landmark Home Mortgage, Inc."

A document titled "Defendants Jose Arrellano and Bertha Moreno's Notice of Removal of Civil Action to United States District Court (Supplemental Jurisdiction)" was filed by e-filing in United States District Court for the Northern District of California, San Jose Division, action No. C070369 JF, entitled "PHH Mortgage Corporation fka Cendant Mortgage Corporation, Plaintiff, vs. Landmark Real Estate Investments, Inc. dba Landmark Home Mortgage and HD Consumers Financial Network, Hoa Nguyen, an individual, Does 1 through 10, inclusive, Defendants." The stated basis of the removal was:

"a. Plaintiffs have brought suit against Defendants, Jose Alfredo Arellano and Bertha Moreno, in Federal Court, Northern District of California, case number: C070369JF.

b. The state action filed against Defendants, Jose Alfredo Arellano and Bertha Moreno, is based substantially on the same case or controversy as the pending federal case, case number: C070369JF, in which Landmark Real Estate Investments, Inc. dba Landmark Home Mortgage ("Landmark") alleges damages, injunctive relief and declaratory relief against Jose Alfredo Arellano and Bertha Moreno in connection with certain brokerage services rendered to Landmark by Jose Alfredo Arellano and Bertha Moreno.

c. Pursuant to United States Code, Title 28, section 1367,
  in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.

d. The federal actions and the state court actions arise out of the same case and controversy since both actions related to claims made by Landmark in its cross complaint filed in the federal action as well as the state court action with regard to the alleged actions of Jose Alfredo Arellano and Berthan Moreno, the same type of real estate loan transactions, and the same damages sought as to certain loan transactions."

1      Removing parties did not file or serve an Amended Notice of Removal to include
2 the underlying state court pleadings until September 10, 2007. This was filed by paper
3 filing only.

4      The removal of the state court action was made solely by Defendants Bertha
5 Moreno and Jose Arrellano. It was neither joined in nor supported by served but not
6 appearing defendants Guillermo Flores, Alvin Silbernagel and Atlas Financial Services,
7 Inc. nor by served but subsequently appearing defendant Robert W. Peterson,
8 individually and dba Peterson Appraisal Group.

9      Motions for default and proposed Orders for default on the Complaint against Atlas
10 Financial Services, Inc., against Alvin Silbernagel, and against Guillermo Flores by
11 Plaintiff Landmark Home Mortgage, Inc. were filed in the within action on December 7,
12 2007. Requests for Entry of Default against each of these same named defendants were
13 served on December 7, 2007 and filed in state court proceeding of Santa Clara Superior
14 Court action no. 1-07-CV-090658.

15      A document titled "Alvin Silbernagel Answer to Unverified Complaint" was served
16 by mail on or about December 12, 2007 by Robin D. Dakan, as counsel for Defendant
17 Alvin Silbernagel, with the caption and pleading from state court proceeding of Santa
18 Clara Superior Court action no. 1-07-CV-090658.

19      **2. Plaintiff's Statement of Disputed Facts**

20      The within Landmark v Flores case is based on Landmark Home Mortgage, Inc.
21 being the lender for a single loan. The loan in the sum of   secured by the real property
22 located at  was issued in the name of Guillermo Flores. The loan was procured by a
23 number of false representations by the defendants regarding Guillermo Flores' finances,
24 the value of the real property, and the identity of the borrower. The loan applications
25 submitted by and on behalf of Defendant Guillermo Flores contained inaccurate
26 information, including:
27      an inaccurate or forged Verification of Rent signed by, among others, Jose
28

1 Arellano;

2 inaccurate bank statements;

3 inaccurate representation of a business relationship between Guillermo Flores and purported employer MS General Technology; and

5 inaccurate representation that Guillermo Flores intended to reside at 3784 Steve Lillie Circle, Stockton, California 95206.

Landmark Home Mortgage, Inc. is not comparatively responsible for failure to discover the intentional misrepresentations made by the Defendants. Seeger v. Odell (1941) 18 Cal.2d 409, 414, 115 P.2d 977 ("Negligence on the part of the plaintiff in failing to discover the falsity of a statement is no defense when the misrepresentation was intentional rather than negligent").

Defendants Robert W. Peterson, individually and dba Peterson Appraisal Group (hereinafter "Peterson") provided an inaccurate appraisal report that very substantially overstated the value of the property. This should have either been verified by the local retail side agent Moreno and broker Silbernagel, or was sought with the overstated appraisal amount at the request of Moreno.

Alvin Silbernagel acted as broker with oversight responsibilities for 31 separate offices throughout the State of California. This included the Bascom Avenue, San Jose branch. Bertha Moreno was the agent for the loan applications submitted by Defendant Guillermo Flores while working under Defendant broker Alvin Clair Silbernagel of Defendant Atlas. It was under his broker's license that Defendants Moreno and Arellano committed the wrongful misrepresentations.

Landmark Home Mortgage, Inc. demanded of Atlas Financial Services, Inc. Atlas Financial Services, dba Atlas Realty under the provisions of a Broker Loan Agreement including the incorporated provisions of the Landmark Home Mortgage Loan Fraud Prevention Policy that it repurchase this loan. Atlas failed and refused. Liability in contract under the provisions of paragraphs 2, 12, 13 and 16 of that Agreement cannot be

disputed.

Guillermo Flores failed to pay mortgage payments, kept money from a tenant, and both allowed and caused the property to go into disrepair and sustain damage to its walls. This is identified in photographs and a Stockton Police Department report. The amount of the losses and the damage to the property were determined during foreclosure proceedings.

"Waste" is a cause of action based on the recognition that "any person whose property is subject to a lien has a statutory duty to refrain from acts which will `substantially impair the mortgagee's security.'" Sheneman, Cal. Foreclosure: Law and Practice, supra, § 6.16, p. 6-70. "Waste" includes acts of commission and omission, such as a failure to generally maintain and repair the property. Ibid.; see Cornelison v. Kornbluth (1975) 15 Cal.3d 590, 606, 125 Cal.Rptr. 557, 542 P.2d 981. A lender's claim for bad faith waste was not precluded by the antideficiency statutes. Cornelison, supra, 15 Cal.3d at 605. "The measure of damages for waste is the amount of the impairment of the security, that is the amount by which the value of the security is less than the outstanding indebtedness and is thereby rendered inadequate." Id., 15 Cal.3d at 606. This is usually the difference between the amount of the bid at foreclosure and the full amount of the outstanding indebtedness immediately prior to the foreclosure sale." Id., at 607.

**3. Defendants' Statement of Disputed Facts**

**a. Moreno and Arellano**

None were separately provided.

**b. Peterson**

Plaintiff, a mortgage lender, alleges that defendants Robert W. Peterson, individually and dba Peterson Appraisal Group (hereinafter "Peterson") provided an inaccurate appraisal report that very substantially overstated the value of the property. A real estate appraiser is liable for negligence and deceit and misrepresentation in

1  connection with the foreclosure upon real property which was security for a loan issued by
2  plaintiff.  Plaintiff alleges the subject property is located at 3784 Steve Lillie Circle,
3  Stockton, California.  Plaintiff further alleges that defendant Peterson knew that an
4  appraisal it prepared inaccurately and substantially overstated the value of the real
5  proeprty by which the subject loan would be secured.   It is also alleged that defendant
6  Peterson overstated the value of the property with the intent to cause plaintiff to rely and
7  in conscious disregard for the rights of plaintiff.  Plaintiff alleges that it relied on
8  Peterson's appraisal in funding the subject loan and suffered damages approaching
9  $200,000.00 as a result.  Finally, plaintiff alleges that it is entitled to recovery of
10 exemplary damages.  Defendant Peterson denies all of the foregoing allegations.

**4. The Principal Factual Issues Which the Parties Dispute**:

**a. According to Plaintiff**

Plaintiff believes that liability is clear and undisputable against Jose Arrellano and his wife Bertha Moreno for providing false information in connection with a loan application.  The only factual issue as to those parties is the nature and extent of compensatory damages and whether and to what extent exemplary damages should be awarded.

As to Defendant Peterson, Plaintiff agrees that the following may be factual issues:
whether defendant Peterson knew or had reason to know its opinion of the value of the subject property was inaccurate;
whether defendant Peterson intended for the opinion to be communicated to plaintiff; and
whether plaintiff relied on the appraisal of the subject property.

**b. According to Moreno and Arrellano**

Defendants Jose Alfredo Arellano and Bertha Alicia Moreno believe that the following factual issues are disputed:
Whether these Defendants entered into any enforceable agreement with regard to

the loans in question with Plaintiffs or any other party;

Whether these Defendants were responsible for verifying the accuracy of the information furnished or submitted o them by Guillermo Flores in connection with that borrower's loan application;

Whether Plaintiff followed appropriate underwriting procedures for verifying the accuracy of information furnished to them in connection with loan applications submitted to them by these Defendants;

Whether Plaintiff breached any written agreement between Atlas Financial Services/Realty and Plaintiff which would vitiate Plaintiff's right to seek damages against these Defendants;

Whether Plaintiff was responsible for their own injuries by their failure to perform reasonable and proper underwriting procedures to verify the accuracy of the information submitted to them in connection with loan applications furnished to them by these Defendants; and

The amount of damages incurred by Plaintiff, if any.

**c. According to Peterson**

Whether defendant Peterson overstated the value of the subject property.

In the event that defendant Peterson overstated the value of the subject property, whether defendant Peterson knew or had reason to know its opinion of the value of the subject property was inaccurate.

Whether defendant Peterson intended for plaintiff to rely on the appraisal of the subject property.

Whether defendant Peterson communicated its opinion of the value of the subject property to plaintiff.

**5. The Principal Legal Issues Which the Parties Dispute:**

Whether defendant Peterson is liable to plaintiff for negligently preparing the appraisal of the subject property.

Whether defendant Peterson is liable to plaintiff for deceit and misrepresentation as a result of preparing the appraisal of the subject property of defendant Atlas.

Whether plaintiff's damages, if any, are attributable to defendant Peterson and whether plaintiff used reasonable diligence.

**6. The Other Factual Issues Which Remain Unresolved for the Reason Stated Below and How the Parties Propose to Resolve Those Issues:**

**a. Plaintiff**

A referral to a referee to confirm that nature and extent of the loss from failed mortgage payments and unpaid mortgage less proceeds from foreclosure sale is likely quicker than discovery and trial, absent stipulation by defendants to the amount of such damages.

**b. Defendants**

**i. Moreno and Arrellanos**

None identified

**ii. Peterson**

None at this time.

**7. The Parties Who Have Not Been Served and the Reason:**

All defendants have been served at this time.

**8. The Additional Parties Which the Below-Specified Parties Intend to Join and the Intended Time Frame for Such Joinder:**

None at this time. Plaintiff has not yet determined which persons, if any, other than the named parties participated in the misrepresentations.

**9. The Following Parties Consent to Assignment of this Case to a United States Magistrate Judge for Jury Trial.**

None at this time.

**B. JURISDICTION**

Federal jurisdiction is based on a claim by Defendants Moreno and Arrellanos to

supplemental jurisdiction to another action for which jurisdiction is based on diversity of citizenship between the parties. This is disputed by Plaintiff Landmark Home Mortgage, Inc.

**C. ALTERNATIVE DISPUTE RESOLUTION**

The parties have not filed a stipulation and proposed order selecting an Alternative Dispute Resolution process. The parties jointly request private mediation. The parties are currently working toward selection of a mediator.

Plaintiff states that this can occur whether the matter is pending in the within action or in state court following grant of a motion to remand.

Plaintiff believes that this cannot occur until after Defendants Moreno and Arrellanos tender of defense has been resolved.

**D. RELATED CASES**

Defendants Bertha Moreno and Jose Alfredo Arellanos filed in the case of PHH v Landmark Real Estate Investments, Inc., U.S. District Court action C 07 0369 JF, an Administrative Motion to relate the within state court originated lawsuit. Landmark Home Mortgage, Inc. filed on September 27, 2007 in the within action, United States District Court action C 07 04654 JF, a motion to remand. Landmark Real Estate Investments, Inc. and Hao Nguyen filed on September 28, 2007 in the PHH action an opposition to the Administrative Motion to deem the two actions related. The two actions were deemed related by Order issued without further written or oral argument in the PHH action by the Honorable Jeremy Fogel

**E. SUGGESTED CHANGES IN DISCOVERY RULES**

**1. Plaintiff's position**

Plaintiff does not at this time propose any changes in the discovery rules between the Plaintiff and the three appearing Defendants. Plaintiff may require an additional number of fact contention interrogatories and requests to produce to Moreno and Arrellano whose Rule 26 Disclosure is vague and to Peterson who has not yet provided a

Rule 26 Disclosure.

### 2. Defendants' position

#### a. Moreno and Arellano

Defendants do not propose any changes in the scope of discovery, These Defendants propose an increase in the number of interrogatories because the information sought from Plaintiff may be more easily provided by written responses to interrogatories than by depositions of all the potential witnesses.

#### b. Peterson

None.

### F. STATUS OF DISCOVERY

#### 1. Plaintiff's Statement Regarding Discovery

Plaintiff has prepared and served on December 14, 2006 a detailed Rule 26 Disclosure.  Plaintiff has done so while reserving rights to propound discovery under state court rules upon grant of its motion to remand, or in the within proceeding under federal rules if its motion is denied.

Plaintiff has received a Rule 26 Disclosure by Defendants Moreno and Arrellanos which does not comply with the spirit and intent or express directives of the Federal Rules of Civil Procedure as being vague, non-specific and meaningless.

Plaintiff was served by Defendant Peterson with state court discovery.  This can be either re-served or stipulated to being appropriate discovery on an agreed upon time schedule upon remand of the within action to state court

#### 2. Defendants' Statement Regarding Discovery

#### a. Moreno and Arellano

Defendants have formally exchanges discovery with Steve W. Dollar, counsel for Robert W. Peterson, Individually , and dba Peterson Appraisal Group.

These Defendants anticipate that they will serve all forms of discovery allowed pursuant to Rule 26(a)(5) by December 31, 2007.

    **b. Peterson**

None

**G. PROPOSED LITIGATION SCHEDULING**

    **1. Proposed by Plaintiff**

Plaintiff proposes that the within action be remanded to state court.

Plaintiff proposes a further Case Management Conference in the within proceeding after initial discovery and mediation if the action is not remanded.

    **2. Proposed Defendants'**

    **a. Moreno and Arellano**

Defendants request a trial setting on the earliest date available after all discovery and ADR have been completed.

These Defendants are willing to agree to all reasonable scheduling of ADR, discovery, pre-trial or other matters which the court may direct which are consistent with an early trial setting.  Defendants provide the following as a proposed case management plan:

All percipient witness discovery, including answers to interrogatories, supplements to interrogatories, production of documents, and request to produce must by completed by March 31, 2008;

Both Plaintiff and Dependants shall disclose the identity of any potential expert witnesses, along with all expert reports, no later than April 30, 2008;

Both Plaintiff and Defendants shall disclose any supplemental or rebuttal expert witnesses, along with all expert reports, no later than May 30, 2008;

All expert discovery, including answers to interrogatories, supplements to interrogatories, production of documents, depositions requests for admissions, must be completed by July 15, 2008;

All dispositive motions shall be filed no later than August 1, 2008;

A joint proposed pre-trial order shall be lodged with the court by October 1, 2008,

or thirty days following the court's decision on any dispositive motions, whichever is later; and

Trial should be set for November 1, 2008, unless dispositive motions are pending. These Defendants request a court trial.

**b. Peterson**

Peterson agrees with Moreno and Arrellano's proposed schedule assuming the matter is not remanded to state court.

Dated: December 18, 2007

___/s/_____
William C. Dresser
Attorneys for Plaintiff
Landmark Home Mortgage, Inc.

Dated: December 18, 2007

___/s/_____
Roger Dean Wintle
Attorneys for Defendants
Bertha Moreno and Jose Arrellano

Dated: December 18, 2007

_____
Steve W. Dollar
Attorneys for Defendant
Robert W. Peterson, individually and dba Peterson Appraisal Group

Land-Flo\Pld\JointCMC.c18