**E-Filed 4/28/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LANDMARK HOME MORTGAGE, INC., | Case Number C 07- 4654 |
| Plaintiff, | ORDER[1] GRANTING MOTION TO REMAND |
| v. | [re: docket no. 12] |
| GUILLERMO FLORES, ALVIN SILBERNAGLE, ATLAS FINANCIAL SERVICES, INC. dba ATLAS FINANCIAL SERVICES and ATLAS REALITY, BERTHA MORENO, JOSE ARRELLANO, ROBERT W. PETERSON, individually and dba PETERSON APPRAISAL GROU, and DOES 1 through 50 , | |
| Defendant. | |

Plaintiff Landmark Home Mortgage, Inc. ("Landmark") moves to remand the instant action to the Santa Clara Superior Court for lack of federal subject-matter jurisdiction. Defendants Jose Alfredo Arrellano and Bertha Moreno ("Arrellano and Moreno") oppose the motion.

## I. BACKGROUND

Landmark filed this action in the Santa Clara Superior Court on July 26, 2007. The

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-4654
ORDER GRANTING MOTION TO REMAND
(JFLC2)

named Defendants were Guillermo Flores, Atlas Financial Services, Bertha Moreno, Jose Arrellano, Robert W. Peterson, individually and dba Peterson Appraisal Group and Does 1 through 50 (collectively, "Defendants"). Defendants were served in person on August 3, 2007. Landmark alleges that it entered into a loan agreement with Guillermo Flores based on a number of false representations by Defendants. On September 4, 2007, Arrellano and Moreno filed a notice of removal. The stated basis of the removal was the court's supplemental jurisdiction. Arrellano and Moreno represent that the instant action is based upon the same claims asserted in *PPH Mortgage v. Landmark Real Estate Inv., Inc.*, 07-00369 JF ("the PHH action"). The Court heard oral argument on December 21, 2007.

## II. LEGAL STANDARD

A district court has supplemental jurisdiction over a state law claim if that claim is "so related" to claims over which the district court has original jurisdiction that it forms "part of the same case or controversy." 28 U.S.C. § 1367(a). However, even a district court has supplemental jurisdiction over a state law claim, it may decline to exercise such jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates the claims over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, other compelling reasons exist for declining jurisdiction. 28 U.S.C. § 1367(c). A decision to decline jurisdiction pursuant to one of these factors should take into consideration judicial efficiency, convenience of the parties, fairness, and comity. *ACRI v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

## III. DISCUSSION

Arrellano and Moreno argue that removal was proper under 28 U.S.C. § 1367 because this Court has original jurisdiction over the PHH action. 28 U.S.C. § 1367(a) provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental Jurisdiction shall include claims that involve joinder or

2

Case No. C 07-4654
ORDER GRANTING MOTION TO REMAND
(JFLC2)

    intervention of additional parties.

The exercise of supplemental jurisdiction pursuant to § 1367(a) is discretionary. *Chicago v. Int'l College of Surgens*, 522 U.S. 156, 172 (1997) (explaining that § 1367(a) jurisdiction involves a "doctrine of discretion, not of plaintiff's right"). Having reviewed the record in both actions, this Court concludes that the claims in the instant case are not so related to the PPH action that they properly may be characterized as bring a part of the same case or controversy. Accordingly, the Court will exercise its discretion to decline supplemental jurisdiction under § 1367(a) and remand the action to state court.

## IV. ORDER

    Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for remand is GRANTED. The clerk shall close the file.

DATED: April 28, 2008

                                    JEREMY FOGEL
                                    United States District Judge

Case No. C 07-4654
ORDER GRANTING MOTION TO REMAND
(JFLC2)

1   This Order has been served upon the following persons:

2

3   William C. Dresser       loofwcd@aol.com

4   Richard Augustus Swenson    rsloofwcd@aol.com

5   Roger Dean Wintle       rdw@hlgusa.com

6   Matthew J. Durket       mjd@durketlaw.com

7   Steve W. Dollar         nritz@eakdl.com

Case No. C 07-4654
ORDER GRANTING MOTION TO REMAND
(JFLC2)